**IN RE : Jonathan Kris TALLERICO and Carleen Marie Tallerico, Debtors.**

**Case No. 15–22117–C–7**

United States Bankruptcy Court, E.D. California.

Signed June 30, 2015

W. Russell Fields, Sacramento, California, for Debtors.

Jamie P. Dreher, Downey Brand LLP, Sacramento, California, for Gary Silva, Jr., Judgment Creditor.

David V. Duperrault, Silicon Valley Law Group, San Jose, California, for Michael A. Aber, Third–Party Claimant.

## OPINION

KLEIN, Bankruptcy Judge:

■ Federal Rule of Bankruptcy Procedure 4003(c) is invalid to the extent it assigns the burden of proof on an objection to a state-law claim of exemption in a manner contrary to state law.

The Bankruptcy Rules Enabling Act, 28 U.S.C. § 2075, forbids rules that alter substantive rights. The Supreme Court clarified in *Raleigh v. Illinois Dep't of Revenue,* 530 U.S. 15, 20–21, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000), that burden of proof is substantive, not procedural. It follows that Rule 4003(c), which was first adopted in 1973 on the assumption that burden of proof was procedural, offends § 2075.

The state law governing the state exemptions claimed in this case specifies that exemption claimants have the burden of proof. This state-law rule of decision also triggers state rules of evidentiary presumptions per Federal Rule of Evidence 302.

The burden of proof is crucial here. At trial of this "Motion for Turnover" (which subsumes three distinct contested-matter issues: judgment lien avoidance, objection to exemption, and turnover by a custodian), the key issue was whether the debtor owned personal property claimed as exempt. The debtor did not satisfy his burden of production and did not establish by a preponderance of evidence that he, rather than the LLC through which he operates his bike shop, owns cash, inventory, and parts that the Sheriff seized enforcing a judgment prepetition.

Since the corollary to the burden of proof is the risk of non-persuasion, the creditor's objection to claim of exemption is SUSTAINED as to all of the seized property except the debtor's tools, the judgment lien is AVOIDED as to the debtor's tools, and the motion for turnover is GRANTED only as to the debtor's tools.

### Facts

Chapter 7 debtor Jonathan Tallerico is a bicycle mechanic who specializes in servicing and building premium bicycles. He operates a bike shop in Lodi, California, through a limited liability company, Tallerico Bicycles, LLC, which does business under the name Lodi Bicycle Shoppe. Before August 2014, he operated through sole proprietorships under similar names.

Tallerico and his spouse filed this joint chapter 7 case at 4:46 p.m. on March 17, 2015.

Six hours before the chapter 7 filing, the San Joaquin County Sheriff levied on all personal property at the premises of Lodi Bicycle Shoppe to enforce a money judgment that Gary Silva, Jr., had obtained against Tallerico individually and against Tallerico Bicycles, LLC. The seizure included cash, merchandise, parts, equipment, and tools. The Sheriff's inventory (the accuracy of which is not in dispute) has 311 line items. Most of the line items are reasonably specific ("3 Voler Tank Top/Gray"). Some are generic and collective ("1 Craftsman tool box w/various tools—access refer to photo").

The debtors claimed all of the levied property as exempt under so-called "California bankruptcy exemptions." Cal.Code Civ. Pro. § 703.140. The claimed exemptions included: tools ($3,500 § 703.140(b)(6)); inventory ("6 bicycles, misc. cloth[e]s, and other bicycle related items" $7,500 § 703.140(b)(5)); cash ($1,157 § 703.140(b)(5)).

Their "Motion for Turnover" seeks to recover the levied personal property on a theory of impairment of exemptions.

Silva opposed the motion and objected to the pertinent claims of exemption, posing evidentiary issues requiring trial.

At the preliminary hearing, the court agreed with Silva and ruled that at trial the debtor would have the burden of proof based on California Code of Civil Procedure § 703.580(b) because this state statute trumps the contrary provision in Rule 4003(c). Further briefing was invited on the issue. None ensued.

Before trial, Michael Aber joined in the objection and asserted senior judgment lien rights based on a money judgment excepted from discharge in 2002 in Tallerico's prior bankruptcy.

At trial, Tallerico testified and was cross-examined. Findings of fact and conclusions of law were rendered orally on the record after the parties rested and presented oral argument. This opinion memorializes the decision regarding the burden of proof and related evidentiary questions.

### Jurisdiction

Federal subject-matter jurisdiction is founded on 28 U.S.C. § 1334. An objection to a claim of exemption, a proceeding to avoid the fixing of a lien, and a request for an order to turn over property of the estate are all core proceedings that a bankruptcy judge may hear and determine as of right. 28 U.S.C. §§ 157(b)(2)(B), (E) & (K). The parties agree that, if this dispute involves a matter a bankruptcy judge may not hear and determine, it may be heard and determined by a bankruptcy judge.

### Analysis

The first task is to unpack and re-frame the dispute through the matrix of the Bankruptcy Code and rules, re-characterizing the motion under the correct procedure before shifting to the pertinent exemption law and the burden of proof.

### I

### Procedure

The Bankruptcy Code authorizes the debtor to claim property as exempt. 11 U.S.C. § 522(b).

The debtor may avoid the fixing of a judicial lien (other than a judicial lien for a domestic support obligation) to the extent that the lien impairs an exemption to which the debtor otherwise would be entitled. 11 U.S.C. § 522(f)(1)(A).

The debtor may exempt property the trustee recovers under trustee avoiding powers so long as it was not concealed or voluntarily transferred. 11 U.S.C. § 522(g).

If the trustee does not attempt to avoid a transfer of property exemptible under § 522(g), then the debtor may do so. 11 U.S.C. § 522(h).

The debtor may recover under § 550 on account of a transfer avoided under § 522(h) as either a judicial lien or a nonpossessory, nonpurchase-money security interest under § 522(f), which recovery is preserved for the benefit of the debtor to the extent of the debtor's exemption. 11 U.S.C. §§ 522(i) & 550; *cf. Goswami v. MTC Distrib. (In re Goswami)*, 304 B.R. 386, 390–91 (9th Cir. BAP 2003)(§ 522(f) elements).

When a Sheriff executes a writ in a judgment enforcement matter, the Sheriff becomes a "custodian" for purposes of the Bankruptcy Code. That is, the Sheriff acts as a receiver or agent appointed under applicable law that is authorized to take charge of property of the debtor for the purpose of enforcing a judgment lien against such property. 11 U.S.C. § 101(11)(C).

As a "custodian," the Sheriff is subject to the turnover provisions of Bankruptcy Code § 543, which, on pain of surcharge, bans disbursements from custodial property and requires turnover unless excused by the bankruptcy court after notice and a hearing. 11 U.S.C. § 543. Exempt property turned over to the trustee may be released by the trustee to the debtor.

The rules of procedure permit a debtor to avoid a lien or transfer of exempt property by motion under the contested matter procedure of Federal Rule of Bankruptcy Procedure 9014, instead of Rule 7001 adversary proceeding. Fed. R. Bankr.P. 4003(d).[1]

Rule 4003(d) permits a creditor to respond to a motion to avoid a judgment lien or other transfer under § 522(f) by challenging the validity of the exemption said to be impaired. Fed. R. Bankr.P. 4003(d). Such a challenge is permitted even after the deadline to object to claims of exemption has passed.

Rule 4003(d) codifies the result in *In re Mohring*, 142 B.R. 389, 395–96 (Bankr. E.D.Cal.1992), *aff'd mem.*, 153 B.R. 601 (9th Cir. BAP 1993), *aff'd mem.*, 24 F.3d 247 (9th Cir.1994) (even where exemption-by-default occurs, avoiding exemption-impairing lien requires proof of substantive entitlement to exemption).

It follows that the debtor's "Motion for Turnover" directed at the Sheriff has three distinct Bankruptcy Code components. First, (Debtor v. Silva) avoidance of Silva's judicial lien under § 522(f)(1)(A). Second, (Silva v. Debtor) Silva's objection to the debtor's claim of exemption. Third, (Debtor v. Sheriff) turnover of property by a custodian under § 543 to the trustee for release of the exempt property to debtors. On the sidelines is a residual dispute (Aber v. Silva) regarding lien priority.

Although the style of the motion does not explicitly raise the lien avoidance, the court must construe motions so as to provide just, speedy, and inexpensive determination of every case and proceeding. Fed. R. Bankr.P. 1001.

The appropriate just, speedy, and inexpensive measure is to re-designate the motion as including a Motion by Debtor to Avoid Lien and a Motion for Turnover under § 543 in response to which an Objection to Claim of Exemption is presented.

Rule 4003(d) permits the lien-avoidance and coincident exemption dispute to be resolved by motion as a Rule 9014 contested matter. Likewise, § 543 turnover entails a contested matter. There is no filing fee for any of these motions. All are eligible for consolidation under Civil Rule 42. Fed.R.Civ.P. 42, *incorporated by* Fed. R. Bankr.P. 7042 & 9014.

---

1. Rule 4003(d) provides:
   (d) Avoidance by Debtor of Transfers of Exempt Property.
   A proceeding by the debtor to avoid a lien or other transfer of property exempt under § 522(f) of the Code shall be by motion in accordance with Rule 9014. Notwithstanding the provisions of subdivision (b), a creditor may object to a motion filed under § 522(f) by challenging the validity of the exemption asserted to be impaired by the lien.
   Fed. R. Bankr.P. 4003(d).

The debtor, Silva, and the Sheriff have all participated in the litigation, and Aber has asserted rights as a senior third party claimant permitted by California Code of Civil Procedure § 720.210. No party in interest has been omitted, misled, or fooled by the garbled motion.

Trial of the contested matters was necessary because there are disputed material factual issues regarding ownership of property claimed as exempt. Fed. R. Bankr.P. 9014(d).

## II

### California Exemptions

California exemptions subdivide into two mutually exclusive alternatives, both of which are implicated by the present dispute. First, there are the general exemptions from judgment enforcement. In the alternative, in a bankruptcy case, and only in a bankruptcy case, there is a list of California bankruptcy exemptions that mirrors § 522(d). Joint debtors must pick the same alternative. Cal.Code Civ. P. § 703.140(a)(1).

### A

#### California Bankruptcy Exemptions

Congress authorized states to opt out of the federal bankruptcy exemptions created by Bankruptcy Code § 522(d). 11 U.S.C. § 522(b)(2).

California exercised the § 522(b)(2) option to opt out by making the federal bankruptcy exemptions inapplicable in the state. Cal.Code Civ. P. § 703.130.[2]

Since the federal exemptions created by § 522(d) do not apply in California, basic exemption questions in California bankruptcies entail the application only of California law.

When California opted out of the federal bankruptcy exemptions prescribed at § 522(d), it simultaneously enacted as state law a veritable clone of § 522(d) that could, in lieu of the basic judgment enforcement exemptions, be utilized in bankruptcy cases. Cal.Code Civ. Pro. § 703.140; *In re Petruzzelli*, 139 B.R. 241, 244 (Bankr.E.D.Cal.1992).

Here, as noted, the debtors claimed the California bankruptcy exemptions to protect tools, inventory, and cash. Cal.Code Civ. Pro. § 703.140(b)(5) & (6).

### B

#### California Judgment Enforcement Exemptions

Even though the debtors claimed the California bankruptcy exemptions, the fact of an actual judgment enforcement proceeding makes the regular judgment enforcement exemptions also pertinent.

To the extent that the debtors claimed property they do not own, the actual levy by the Sheriff on the contents of the bike shop implicates the general judgment enforcement rules as to the seized property owned by their LLC. Moreover, there is a secondary dispute in the form of the third-party claim by a competing creditor with a prior judgment.

Although the Bankruptcy Code and rules nominally supplant California procedure, the analysis circles back to state procedure because collection of federal judgments is governed by state judgment

---

**2.** The section provides:
§ 703.130. Inapplicability of Exemptions in Bankruptcy Law.
    Pursuant to the authority of paragraph (2) of subsection (b) of Section 522 of Title 11 of the United States Code, the exemp-

tions set forth in subsection (d) of Section 522 of Title 11 of the United States Code (Bankruptcy) are not authorized in this state.
Cal. Code Civ. Pro. § 703.130.

enforcement procedure. Fed.R.Civ.P. 69, *incorporated by* Fed. R. Bankr.P. 7069. Further, when state law provides the rule of decision in a civil matter, state evidentiary presumptions also apply. Fed. R.Evid. 302.

## C

### Rule of Decision

Since the exemptions created by Bankruptcy Code § 522(d) do not apply in bankruptcies in California, state law provides the rule of decision for essentially all exemptions available to debtors in bankruptcy cases in the state.

A bankruptcy court construing California judgment enforcement exemptions and the California bankruptcy exemptions is applying a state-law rule of decision. Like all federal courts when addressing a state-law rule of decision, the bankruptcy court is predicting what the California Supreme Court would rule if it were presented with the question.

## III

### Burden of Proof

The outcome to this dispute turns on the burden of proof because the evidence is not compelling for either side.[3]

When dealing with a state-law exemption, the appropriate question to ask is: what burden of proof (or persuasion) would a state court judge apply?

## A

### California Code of Civil Procedure

California, by statute, regulates the burden of proof regarding its exemptions.

### 1

The general burden regarding California exemptions is: "the exemption claimant has the burden of proof." Cal.Code Civ. P. § 703.580(b).[4]

A more nuanced burden governs homestead exemptions. The claimant has the burden on the sum exemptible; but the objector has the burden to show the property is not a homestead if county tax assessor records contain a current homeowner's or disabled veteran's property tax exemption. If not, the claimant has the burden of proof. Cal.Code Civ. P. § 704.780(a).[5]

### 2

As noted, when state law provides the rule of decision, state law also governs the

---

**3.** To be precise, a burden of proof is a burden of persuasion and correlative risk of nonpersuasion. The terms "burden of proof" and "burden of persuasion" are generally synonymous for purposes of federal practice and procedure. The Federal Rules of Bankruptcy Procedure and the California Code of Civil Procedure use the former. Federal Rules of Evidence use the latter.

**4.** The general rule is as follows:

(a) The claim of exemption and notice of opposition to the claim of exemption constitute the pleadings, subject to the power of the court to permit amendments in the interest of justice.

(b) At a hearing under this section, *the exemption claimant has the burden of proof.*

Cal.Code Civ. P. § 703.580(a)-(b) (emphasis supplied).

**5.** The homestead burden is as follows:

(a) The burden of proof at the hearing is determined in the following manner:

(1) If the records of the county tax assessor indicate that there is a current homeowner's exemption or disabled veteran's exemption for the dwelling claimed by the judgment debtor or the judgment debtor's spouse, the judgment creditor has the burden of proof that the dwelling is not a homestead. If the records of the county tax assessor indicate that there is not a current homeowner's exemption or disabled veteran's exemption for the dwelling claimed by the judgment debtor or the judgment debtor's spouse, the burden of proof that the

effect of presumptions regarding a claim or defense.   Fed.R.Evid. 302.

California is explicit about what constitutes a proof, burden of proof, and the effect of presumptions.

"Proof" is the establishment of the requisite degree of belief concerning a fact in the mind of the trier of fact or the court, and "burden of proof" is the obligation of a party to provide evidence that amounts to proof.[6]

A "presumption" is a fact that the law requires to be drawn from another fact or group of facts, but is not evidence.[7]

Presumptions subdivide into rebuttable and conclusive.   They further subdivide into presumptions affecting the burden of producing evidence and presumptions affecting the burden of proof.   Cal. Evid. Code § 601.

Here, rebuttable presumptions affecting the burden of producing evidence apply because allocating the burden of proof to an exemption claimant implements no public policy other than facilitating determination of the action.   Cal. Evid.Code § 603.

A presumption affecting the burden of producing evidence requires a trier of fact to assume existence of a presumed fact unless and until evidence is introduced that supports a finding of its nonexistence, in which event a trier of fact determines existence or nonexistence of a presumed fact from the evidence without regard to the presumption.   Cal. Evid.Code § 604.[8]

### B

### Federal Burden of Proof

No federal statute prescribes a burden of proof for claims of exemption in bankruptcy cases.

---

dwelling is a homestead is on the person who claims that the dwelling is a homestead.
   (2) If the application states the amount of the homestead exemption, the person claiming the exemption has the burden of proof that the amount of the exemption is other than the amount stated in the application.
Cal. Code. Civ. P. § 704.780 (a).

6.   The California Evidence Code provides:
   § 190.   "Proof" is the establishment by evidence of a requisite degree of belief concerning a fact in the mind of the trier of fact or the court.
   § 115.   "Burden of proof" means the obligation of a party to establish by evidence a requisite degree of belief concerning a fact in the mind of the trier of fact or the court. The burden of proof may require a party to raise a reasonable doubt concerning the existence or nonexistence of a fact or that he establish the existence or nonexistence of a fact by a preponderance of the evidence, by clear and convincing proof, or by proof beyond a reasonable doubt.
Cal. Evid.Code §§ 115 & 190.

7.   Evidence Code § 600 provides:
   (a) A presumption is an assumption of fact that the law requires to be made from another fact or group of facts found or otherwise established in the action.   A presumption is not evidence.
   (b) An inference is a deduction of fact that may logically and reasonably be drawn from another fact or group of facts found or otherwise established in the action.
Cal. Evid. Code § 600.

8.   California Evidence Code § 604 provides:
   § 604.   Effect of presumption affecting burden of producing evidence.   The effect of a presumption affecting the burden of producing evidence is to require the trier of fact to assume the existence of the presumed fact unless and until evidence is introduced which would support a finding of its nonexistence, in which case the trier of fact shall determine the existence or nonexistence of the presumed fact from the evidence and without regard to the presumption.   Nothing in this section shall be construed to prevent the drawing of any inference that may be appropriate.
Cal. Evid.Code § 604.

## 1

Bankruptcy Code § 522(*l*) provides that property claimed as exempt is exempt unless a party in interest objects. Failure to make a timely objection may result in an exemption by default even if there is no basis for the exemption. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 642–43, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

This § 522(*l*) exemption-by-default provision arguably operates to create a form of presumption in favor of claimed exemptions, but it says nothing about the burden of proof (or burden of persuasion) when there is an objection. From an evidentiary standpoint, § 522(*l*) operates as a rebuttable presumption that property claimed as exempt is exempt.

The presumption is invoked by making the claim of exemption by the debtor on Schedule C or thereafter by a dependent of the debtor. Fed. R. Bankr.P. 4003(a).

The presumption is rebutted by filing an objection to the claim of exemption. Fed. R. Bankr.P. 4003(b).

Once the presumption is rebutted by the filing of the objection, thereby blocking § 522(*l*) exemption-by-default, the resolution of the dispute turns on the evidence and the applicable burden of proof. Fed. R.Evid. 301 & 302.

## 2

The sole basis for placing the burden of proof on the objector to exemptions is Rule 4003(c): the "objecting party has the burden of proving that the exemptions are not properly claimed." Fed. R. Bankr.P. 4003(c).[9]

Moreover, Rule 4003(c) merely restates former Bankruptcy Rule 403(a) in the 1973 Bankruptcy Rules: the "burden of proof shall be on the objector." Bankr.R. 403(c) (repealed 1983).

The 1983 Advisory Committee Note describing Rule 4003 explains that Rule 4003 is derived from former Bankruptcy Rule 403 and that § 522(*l*) changes the thrust of the rule to make it the burden of the debtor to list exemptions and the burden of parties in interest to object. But, this is only a burden of production, and § 522(*l*) does not allocate a burden of proof in the event of an objection.

There is no direct mention of Rule 4003(c). Nor is there discussion of the burden of proof that would be dramatically changed by the rule. Rather, the Advisory Committee merely invoked prior history by way of a comment that Rule 4003 was based on, "in part, former Bankruptcy Rule 403."[10]

The Advisory Committee was making an intellectual leap from a burden of production that fairly can be inferred from § 522(*l*) to a burden of proof that does not necessarily follow. One needs to review former Rule 403 to understand the premise, context, and basis for the prior allocation of the burden of proof to the objector. As will be seen, by changing nothing, Rule

---

**9.** The full rule is:
    (c) Burden of Proof.
      In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed. After hearing on notice, the court shall determine the issues presented by the objections.
    Fed. R. Bankr.P. 4003(c).

**10.** The 1983 Advisory Committee Note explains:

This rule is derived from § 522(*l*) of the Code and, in part, former Bankruptcy Rule 403. The Code changes the thrust of that rule by making it the burden of the debtor to list his exemptions and that burden of parties in interest to raise objections in the absence of which "the property claimed as exempt on such list is exempt"; § 522(*l*). Fed. R. Bankr.P. 4003, advisory comm. note.

4003(c) silently inverted the burden from former Rule 403(c). It was a leap too far.

### 3

#### History

The history begins with a focus on the practice regarding exemptions under the Bankruptcy Act of 1898.

##### a

#### Bankruptcy Act before 1973

The general rule under the Bankruptcy Act of 1898 was that the debtor had the burden of proof whenever the debtor's claim of exemption was in issue. *In re Dederick*, 91 F.2d 646, 650 (10th Cir.1937); *In re Campbell*, 124 F. 417, 421–22 (W.D.Va.1903); *In re Stinemetz*, 38 Am. B.R.(N.S.) 544, 547 (Bankr.D.Kans.1938); 1 JAMES WM. MOORE, COLLIER ON BANKRUPTCY ¶ 6.23 (14th ed. L. King, ed. 1960) (Collier 14th ed.).

This was judge-made law. Neither the Bankruptcy Act nor any rule before 1973 addressed the burden of proof.

In 1960, the Advisory Committee on Bankruptcy Rules was formed and tasked to revise and modernize rules for bankruptcy cases. At that time, the rules to be revised were the Supreme Court's General Orders in Bankruptcy, promulgated under the authority of Bankruptcy Act § 30.[11]

Two obstacles prevented comprehensive revision of the General Orders. First, the Bankruptcy Act of 1898 contained a hodgepodge of procedural provisions. Second, the Bankruptcy Act § 30 delegation of power of the Supreme Court to issue General Orders in Bankruptcy had been construed to be limited to only those rules and forms that were strictly "necessary" to carry out the provisions of the Bankruptcy Act into effect. There was no authority to adjust obsolete procedural provisions in the Act.

Without legislation revising the Supreme Court's rulemaking authority in bankruptcy, procedural provisions enshrined in the statute were understood to be off limits to modernization, as were rules that would be helpful, but not strictly necessary, to implementing the Bankruptcy Act.

Accordingly, the Advisory Committee recommended legislation delegating greater rulemaking power to the Supreme Court for bankruptcy procedure in terms comparable to those delegated to the Supreme Court in the Rules Enabling Act, 28 U.S.C. § 2072, for civil, criminal, and admiralty practice, which terms included the power to supersede procedural terms in statutes.

##### b

#### Bankruptcy Rules Enabling Act

Congress responded to the stalled modernization effort by enacting the Bankruptcy Rules Enabling Act in 1964. Act of Oct. 3, 1964, Pub. Law. 88–623, 78 Stat. 1001.

The act created a new 28 U.S.C. § 2075 modeled on the general Rules Enabling Act and repealed Bankruptcy Act § 30.[12]

---

**11.** Bankruptcy Act § 30 provided:

All necessary rules, forms, and orders as to procedure and for carrying this act into force and effect shall be prescribed, and may be amended from time to time, by the Supreme Court of the United States.

Bankruptcy Act of 1898, § 30 (repealed 1964).

**12.** The original form of § 2075, as enacted in 1964, provided:

The Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure under the Bankruptcy Act.

Such rules shall not abridge, enlarge, or modify any substantive right.

The key restriction was that the rules "shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075. This mirrors the parallel provision in the Rules Enabling Act that governs the other federal rules. 28 U.S.C. § 2072.

In addition, it permitted bankruptcy rules adopted pursuant to that process to override procedural provisions in the Bankruptcy Act of 1898: "All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." *Id.*[13]

c

### 1973 Bankruptcy Rules

When the enactment of the Bankruptcy Rules Enabling Act released the Advisory Committee from the shackles of the procedural provisions in the Bankruptcy Act, the rules revision effort turned to comprehensive restructuring of bankruptcy rules, culminating in 1973 with promulgation of the Bankruptcy Rules.

The preliminary draft of the Bankruptcy Rules was accompanied by an introductory note that explained the process. The rules would supersede laws in conflict with the rules subject to the constraint that the rules "shall not abridge, enlarge, or modify any substantive right." Advisory Comm. Introductory Note to Preliminary Draft, at 17 ("Introductory Note").

There was careful attention to the procedural-substantive boundary. Thus, the

Advisory Committee explained that its task was particularly challenging because "it has not been necessary heretofore in the drafting of bankruptcy legislation to distinguish between substantive and procedural provisions" with the result that procedural provisions "are interwoven throughout the Act." Introductory Note, at 17.

The Advisory Committee recognized that there would be wide areas of uncertainty and recommended that Congress take up general bankruptcy revision "as soon as feasible after the rules and forms go into effect, to mitigate the task of judges, counsel, and the public in reading and applying the Act with the rules and the forms." Introductory Note, at 17. It reiterated that it was limiting the rules to matters that were procedural in nature. Introductory Note, at 18–20.

d

### Bankruptcy Rule 403(c)

Rule 403 of the 1973 rules dealt with the procedure for claiming and contesting exemptions under the Bankruptcy Act. It restated, but did not materially alter statutory procedure, as construed by long-settled decisional law.

The debtor was required to claim exemptions in the required schedules of property. Bankr.R. 403(a) (repealed 1983).

---

Such rules shall not take effect until they have been reported to Congress by the Chief Justice at or after the beginning of a regular session thereof but not later than the first day of May and until the expiration of ninety days after they have been thus reported.

All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.

28 U.S.C. § 2075 (1964, revised and repealed in part 1978).

13. The "all laws in conflict" provision was repealed and deleted from 28 U.S.C. § 2075 concurrent with the enactment of the Bankruptcy Code in 1978. Bankruptcy Reform Act of 1978, § 247, 92 Stat. 2672 (Nov. 6, 1978). The rationale was that procedural matters had been removed from statute and left to the Rules of Bankruptcy Procedure, thereby eliminating the need for rules to supersede statute. H. R. Rep. No. 95-595, at 449 (1977); S. Rep. No. 95-989, at 158 (1978).

The trustee was required to examine the claimed exemptions and issue a report specifying which exemptions were allowed or were not allowable. Bankr.R. 403(b) (repealed 1983).

The debtor or any creditor could object to the report and trigger a hearing. Bankr.R. 403(c) (repealed 1983).[14]

The final sentence of Rule 403(c)—the "burden of proof shall be on the objector"—restated settled judge-made law. This meant that the burden of proof, in the vast majority of cases, rested on the debtor as the party most likely to object to the trustee's report.[15] The then-ascendant 14th edition of the *Collier* treatise explained that this allocation "rests on the sound princip[le] of placing the burden of success on he who seeks it." 12 COLLIER 14th ed. ¶ 403.5 at 4–36.[16]

More important, the Advisory Committee assumed in 1973 that the burden of proof was procedural, not substantive. The Committee explained that it was being scrupulous about honoring the enabling provision that no rule could "abridge, enlarge, or modify any substantive right." Introductory Note, at 17 (describing effect of no-modification-of-substantive-rights constraint in 28 U.S.C. § 2075).

e

### 1978 Bankruptcy Code

The drafters of the 1978 Bankruptcy Code similarly assumed that burden of proof was procedural, not substantive.

In describing the claims allowance process, the Senate and House Reports each mention that burden of proof on claims was being left to the rules of procedure. S.Rep. No. 95–989, at 62 (1978); H.R.Rep. No. 95–595, at 352 (1977).

The explanation in the committee reports for amending the Bankruptcy Rules Enabling Act by deleting the "all laws in conflict" provision in 28 U.S.C. § 2075, was that it was no longer necessary because all procedural matters had been taken out of

**14.** Rule 403(c) provided:

(c) Objections to Report. — Any creditor or the bankrupt may file objections to the report within 15 days after its filing, unless further time is granted by the court within such 15–day period. Copies of the objections so filed shall be delivered or mailed to the trustee and, if the objections are by a creditor, to the bankrupt and his attorney. After a hearing upon notice the court shall determine the issues presented by the objections. The burden of proof shall be on the objector.

Bankr.R. 403(c) (repealed 1983).

**15.** The Advisory Committee explained:

Subdivision (c) of the rule is an elaboration of the last clause of General Order 17(2).... The allocation of the burden of proof made by the last sentence of subdivision (c) rests on the assumption that the trustee has performed the duties imposed on him by subdivision (b) [trustee exempt property report] with due regard to the rights of the bankrupt as well as the creditors whom he represents. Although the as-

sumption might be questioned by the bankrupt, the case law has generally placed the burden of proof on the bankrupt whenever there is an issue raised as to his right to an exemption claimed.

Bankr.R. 403(c), Advisory Comm. Note (citations omitted) (repealed 1983).

General Order 17(2) provided for objections to the trustee's exempt property report but was silent about the burden of proof. Gen. Order in Bankr.17(2), 305 U.S. 688 (1939).

**16.** The trustee was required to examine the bankrupt's claims of exemption, set apart such as are lawfully claimed and are allowable, and file a report with the court to which any interested party could object. The *Collier* treatise explained:

The burden of proving a bankrupt's property to be exempt in defiance of the trustee's report otherwise rests on the one asserting it, almost invariably the bankrupt or a member of his family, a view compat[i]ble with the allocation of this burden by Rule 403(c).

12 Collier 14th ed., ¶ 403.5 at 4–36.

the statute and were left to rules of procedure. S.Rep. No. 95–989, at 158 (1978); H.R.Rep. No. 95–595, at 449 (1977).[17]

These statements in the committee reports indicate an assumption that burden of proof was procedural, not substantive.

Even then, the original enactment of the Bankruptcy Code reflects discomfort about leaving burdens of proof to rules of procedure. Thus, the statute prescribed burdens for automatic stay relief and for adequate protection in connection with obtaining credit. 11 U.S.C. §§ 362(g) & 364(d)(2).[18] The reality was that the status of burden of proof as substantive or procedural was ambiguous in 1978.

f

### Federal Rule of Bankruptcy Procedure 4003(c)

This historical excursion has now circled back to Rule 4003(c).

The premise dating back to the 1973 Rules about burden of proof being procedural that ultimately would be proved false in *Raleigh* in 2000 continued to prevail when the Federal Rules of Bankruptcy Procedure were adopted in 1983.

Rule 4003 governed exemptions. Rule 4003(c) perpetuated, without comment, the burden of proof provision of Rule 403(c): "In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed." Fed. R. Bankr.P. 4003(c).

Significantly, Rule 4003(c) sub silentio inverted the actual burden of proof from Rule 403(c). Under the 1898 regime, the

relevant objection was to the trustee's exempt property report and it was usually the debtor, as exemption claimant, doing the objecting. Under the 1978 regime, the relevant objection is to the debtor's claim of exemptions, and it is usually the trustee, as exemption opponent, doing the objecting.

In other words, when the 1978 Bankruptcy Code eliminated the trustee's report in favor of allowing the debtor's claim of exemptions in the absence of an objection, the nature of exemption objections changed. 11 U.S.C. § 522(*l*).

What had been an objection to a trustee's report of allowed exemptions (usually made by the debtor), became an objection to exemptions claimed (to be made by the trustee or creditors).

The 1978 regime embodied in § 522(*l*) looks like a presumption in favor of a claimed exemption because, in the absence of an objection, the exemption is allowed. But a presumption is not evidence, and nothing about § 522(*l*) compels a conclusion that, if there is an objection, the objector should have the burden of proof.

Curiously, the 1983 Advisory Committee note does not mention burden of proof even though the burden was being shifted from debtor to trustee. Rather, it carried forward the nominal burden of proof from the prior regime without comment as if nothing was being changed. It is odd that such a dramatic shift in the burden of proof in a rule should pass by without comment.

---

**17.** The House Report explained:

> With the extensive revision and modernization of the bankruptcy law proposed by this bill, in which nearly all procedural matters have been removed and left to the Rules of Bankruptcy Procedure, the need that currently may exist to permit the Supreme

Court's rules to supersede the statute disappears.
H.R.Rep. No. 95–595, at 449 (1977).

**18.** Subsequent amendments have added specified burdens in three other sections. 11 U.S.C. § 363(*o*) (adequate protection), 547(g) (preferences) & 1129(d) (tax avoidance plans).

**g**

The status of burden of proof as procedural or substantive remained ambiguous until 2000 when the Supreme Court in *Raleigh* ruled that burden of proof is substantive, not procedural.

Faced with a dispute over the burden of proof regarding a proof of claim under § 502, the Court held that burden of proof is an essential element of the underlying nonbankruptcy claim. *Raleigh*, 530 U.S. at 20–21 & 26, 120 S.Ct. 1951.[19]

**4**

*Substantive or Procedural?*

The linchpin in this case is the question whether the burden of proof in Rule 4003(c) preempts the opposite burden of proof in California Code of Civil Procedure § 703.580(b).

After the Supreme Court determined in *Raleigh* that burden of proof is substantive, not procedural, the answer must be in the negative because the Bankruptcy Rules Enabling Act requires that rules "not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075.

Until 2000, the prevailing assumption in bankruptcy was that burden of proof is procedural and fair game for regulation by rule. *Raleigh* upended that assumption by holding that the burden of proof on claims in bankruptcy is an essential element of the underlying substantive claim. This pulled the carpet out from under Rule 4003(c) with respect to state-law exemptions.

While *Raleigh* addressed the burden of proof for an objection to a proof of claim, there is no principled difference between objections to § 502 claims and § 522 claims of exemption.

■ Proofs of claim are deemed allowed unless somebody objects. 11 U.S.C. § 502(a). The underlying nonbankruptcy law controls the merits of the proof of claim subject to any qualifying or contrary provisions of the Bankruptcy Code. *Raleigh*, 530 U.S. at 20, 120 S.Ct. 1951; *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

Observing that Congress may do what it likes with entitlements in bankruptcy, the Court noted that Congress was silent in the Bankruptcy Code about the burden of proof when there is an objection to a claim. It construed this silence as indicating that Congress intended no change in the underlying substantive law. *Raleigh*, 530 U.S. at 21–22, 120 S.Ct. 1951.

From the Court's conclusions that burden of proof is substantive and that Congress made no provision qualifying or rejecting substantive nonbankruptcy law, it followed that bankruptcy courts must apply the burden that accompanies the underlying substantive claim—there, the law of Illinois. *Raleigh*, 530 U.S. at 26, 120 S.Ct. 1951.

The pattern of an objection to claim of exemption parallels the objection to claim addressed in *Raleigh*. As with § 502 claims, § 522 claims of exemption are deemed allowed unless somebody objects. 11 U.S.C. § 522(*l*). Congress, likewise, was silent about the burden of proof when there is an objection to a claim of exemption. If a claim of exemption is premised on state law, then bankruptcy courts must

---

**19.** The unanimous Court said:

Given its importance to the outcome of cases, we have long held the burden of proof to be a "substantive" aspect of a claim. [citations omitted] That is, the burden of proof is an essential element of the claim itself; one who asserts a claim is entitled to the burden of proof that normally comes with it.

*Raleigh*, 530 U.S. at 20–21, 120 S.Ct. 1951.

apply the burden of proof that accompanies the underlying exemption law.

That Congress was not intending to alter substantive nonbankruptcy law is apparent from the accommodations that Congress extended to state law in § 522(b). Not only did it permit state-law exemptions always to be available in lieu of the new federal § 522(d) exemptions, it took the extraordinary step of authorizing states to forbid use of the federal exemptions. 11 U.S.C. § 522(b)(2). Such solicitude to state exemption law makes it implausible that Congress simultaneously secretly intended to preempt the state's burden of proof.

Accordingly, the burden of proof prescribed by California statute regarding contested claims of exemption is substantive and must be applied by bankruptcy courts. Hence, Rule 4003(c) offends the Bankruptcy Rules Enabling Act with respect to state-law exemptions and must give way to the state statute.[20]

5

*Rule 4003(c) in the Courts*

Few courts have noticed that *Raleigh* casts doubt on the validity of Rule 4003(c)'s allocation of the burden of proof.

A leading case applying the state-law burden of proof to an exemption dispute is *In re Barnes*, 275 B.R. 889, 898–99 n. 2 (Bankr.E.D.Cal.2002). A more recent example is *In re Pashenee*, 531 B.R. 834, 838 (Bankr.E.D.Cal.2015). Both decisions grapple with the implications of *Raleigh* and conclude that the state-law burden of proof prevails over Rule 4003(c). But there is disagreement. *In re Altmiller-*

*Rubio*, 2011 Westlaw 10639468, at *3–4 (Bankr.E.D.Cal.2011).

The more usual pattern of judicial discussion of burden of proof on objections to claims of exemption is for courts to note shifting burdens of production implied by Rule 4003(c) but to assume, without questioning, the validity of the allocation of the burden of proof in the rule.

In the Ninth Circuit, most courts cite a pre-*Raleigh* footnote parroting Federal Rule of Evidence 301. *Carter v. Anderson (In re Carter)*, 182 F.3d 1027, 1029–30 n.3 (9th Cir.1999).[21] *Carter* was decided a year before *Raleigh* and could not have taken it into account.

The *Carter* footnote treated the § 522(*l*) exemption-by-default provision as creating a presumption in favor of a claim of exemption and then described shifting burdens of production through the matrix of Evidence Rule 301. It assumed, without analysis, the validity of Rule 4003(c) regarding the ultimate burden of persuasion.

A number of Ninth Circuit Bankruptcy Appellate Panel decisions have directly or indirectly cited the *Carter* footnote and have invoked Rule 4003(c) without scrutinizing the validity of the rule in light of *Raleigh* and the Bankruptcy Rules Enabling Act. *Elliott v. Weil (In re Elliott)*, 523 B.R. 188, 192 (9th Cir. BAP 2014); *Calderon v. Lang (In re Calderon)*, 507 B.R. 724, 729 (9th Cir. BAP 2014); *Leavitt v. Alexander (In re Alexander)*, 472 B.R. 815, 821 (9th Cir. BAP 2012); *Mullen v. Hamlin (In re Hamlin)*, 465 B.R. 863, 869 (9th Cir. BAP 2012); *Tyner v.Nicholson (In re Nicholson)*, 435 B.R. 622, 633–34 (9th Cir. BAP 2010); *Hopkins v. Cerchione (In re Cerchione)*, 414 B.R. 540,

**20.** No view is expressed in this opinion regarding validity of Rule 4003(c) with respect to § 522(d) federal exemptions.

**21.** *Compare* Fed.R.Evid. 301 ("..."), *with* *Carter*, 182 F.3d at 1029–30 n. 3 ("...").

548–49 (9th Cir. BAP 2009). All mimic Evidence Rule 301 without digging deeper.

As the Ninth Circuit has not explicitly considered Rule 4003(c) in light of *Raleigh* and of the Bankruptcy Rules Enabling Act, the rule's validity remains an open issue in this circuit.[22]

## IV

### *Burdens in This Case*

The burden of proof makes a difference in this case because the evidence adduced at trial does not add up to a compelling case for either side. Hence, the outcome is largely dependent on where the ultimate burden of persuasion rests.

The debtor has the burden of proof on all three issues being decided in this consolidated motion: entitlement to exemptions; motion to avoid lien; and motion for turnover from the custodian.

As a practical matter, the answer to the issue of entitlement to exemption dictates the fate of the lien avoidance and the turnover motions. The particular exemption dispute depends upon whether the debtor owns the property claimed as exempt. He can only exempt that which he owns.

### A

The Federal Rules of Evidence deal with the effect of presumptions in civil cases, including bankruptcy cases. Fed.R.Evid. 301 & 302.

Although *Carter* and its progeny assume that Federal Rule of Evidence 301 provides the matrix for analysis of presumptions, the conclusion that state law provides the rule of decision means that Federal Rule of Evidence 302 controls. When the rule of decision on burden of proof is governed by state law, then Rule 302 imports state-law presumptions. *Compare* Fed.R.Evid. 301, *with id.*, Rule 302.[23]

California law provides the rule of decision on the exemption issue. The state has, as authorized by Congress, opted out of the federal exemptions in favor of exclusive use of California exemptions. 11 U.S.C. § 502(b), Cal.Code Civ. P. § 703.130. And, California prescribes the burden of proof. Cal.Code Civ. P. § 703.580(b).

■ It follows, by virtue of Federal Rule of Evidence 302, that California law, rather than Rule 301, governs the effect of a presumption regarding exemptions in California bankruptcy cases. Fed.R.Evid. 302.

In contrast, federal law governs the § 522(h) lien avoidance issue and the § 543 turnover issue. As state law does not provide the rule of decision for these issues, Federal Rule of Evidence 301 governs and creates a burden of production for the party against whom a presumption

---

**22.** The Ninth Circuit recently held in a different California exemption context that the *"entire* state law" regarding exemptions applies. *Wolfe v. Jacobson (In re Jacobson),* 676 F.3d 1193, 1199 (9th Cir.2012)(emphasis in original). Although the *"entire* state law" regarding exemptions includes California's statutory burden of proof, *Jacobson* did not directly consider the burden of proof, *Raleigh,* the Bankruptcy Rules Enabling Act, or Rule 4003(c). Hence, it is consistent with, but not definitive of, the analysis in this opinion.

**23.** Federal Rule of Evidence 302 provides:

Rule 302. Applying State Law to Presumptions in Civil Cases.

In a civil case, state law governs the effect of a presumption regarding a claim or defense for which state law supplies the rule of decision.

Fed.R.Evid. 302.

is directed but does not shift the substantive burden of persuasion. Fed.R.Evid. 301.[24]

## B

As a practical matter, the basic analysis of shifting burdens of production under the California law incorporated by Rule 302 is the same as the federal analysis under Rule 301.

The California presumptions that apply to the exemption issues are addressed in its Evidence Code. Cal. Evid.Code §§ 600–70.

The basic difference between Federal Rule of Evidence 301 and the California Evidence Code is that the latter is more specific about presumptions and burdens of production.

### 1

#### *Initial Burden of Production*

The effect of § 522(*l*) is that property claimed as exempt will be exempt unless a party in interest objects.

What § 522(*l*)creates is a form of a burden of production. That is, a party in interest has the burden to produce an objection. A filed objection operates to overcome the § 522(*l*) exemption-by-default.

### 2

#### *Burden of Proof*

■ A burden of production, however, is not a burden of proof. Rather, it is a burden of going forward to the decision point at which the burden of proof takes over. The burden of proof equates with the burden of persuasion and is accompanied by the correlative risk of non-persuasion.

Consider the proof-of-claim provisions of the Bankruptcy Code that parallel the exemption provisions. A proof of claim is deemed allowed unless there is an objection. 11 U.S.C. § 502(a). The rules provide that a proof of claim executed and filed in accordance with Rule 3001 constitutes prima facie evidence of the validity and amount of the claim. Fed. R. Bankr.P. 3001(f).

The mere existence of Rule 3001(f) is a reminder that, in the end, the validity and amount of a claim is committed to the realm of evidence. And, it is in the realm of evidence that the burden of proof operates.

■ It is settled that the burden of proof associated with the underlying substance of the proof of claim governs who bears the risk of non-persuasion. *E.g., Raleigh*, 530 U.S. at 26, 120 S.Ct. 1951.

### 3

#### *Shift in Burden of Production*

Once the objector has satisfied its burden of production to produce an objection sufficient to overcome the presumption embodied in the § 522(*l*) exemption-by-default provision, the burden of production shifts to the party who has the burden of proof.

This burden of production is the burden to produce evidence in support of that effort. Failure to produce relevant evi-

---

24. Federal Rule of Evidence 301 provides:
Rule 301. Presumptions in Civil Cases Generally.
In a civil case, unless a federal statute or these rules provide otherwise, the party against whom a presumption is directed has the burden of producing evidence to rebut the presumption. But this rule does not shift the burden of persuasion, which remains on the party who had it originally. Fed.R.Evid. 301.

dence that ought to exist may warrant adverse inferences leading to non-persuasion.

As it is described in California law, the burden of producing evidence as to a particular fact is initially on the party with the burden of proof as to that fact. Thereafter, it is on the party against whom a finding on that fact would be required in the absence of further evidence. Cal. Evid.Code § 550. This is consistent with the Federal Rules of Evidence.

### 4

### *Evidence in this Case*

At trial, the key issue boiled down to the ownership status of property acquired before formation of Tallerico Bicycles, LLC.

Conceding that the portion of the seized property that had been procured after Tallerico Bicycles, LLC, was formed in August 2014 was not his personal property, Tallerico testified that the majority of the inventory and parts were acquired in the course of operating his various sole proprietorships.

He testified that his tools had been acquired over a period of decades and that many had become his following dissolution of a bike shop the debtor had operated with Aber in the 1990s. Aber, through counsel, corroborated those assertions, and Silva accepted them.

The situation was different as to the inventory. On cross-examination, Tallerico testified that the LLC was formed in careful compliance with law and that he had done so with the assistance of his mother, who works as an enrolled tax agent. He testified that the LLC had accurate records regarding all of its property, including depreciation schedules, and that it had filed a tax return for 2014.

When asked what property he had contributed to the LLC at the time of formation, Tallerico appeared to equivocate. He was unsure. He did not remember. Nor was he conversant with what, if anything, is being depreciated.

When asked whether he had brought any of the records of the LLC about which he had testified with him to the trial, Tallerico replied that he had not. He did not contend that such records were not under his control. He conceded that he knew he had the burden of proof, but did not offer to obtain them if only the court would permit a recess.

This is a classic example of the evidentiary burden of production that comes with the burden of proof. The debtor had the burden of proof on the question of ownership. Although he testified that records existed to support his assertions about the central issue at the trial, he did not produce them.

The court infers, in its capacity as finder of fact, based on both credibility and non-production, that any such records do not support the debtor's assertions regarding ownership of all seized property except his tools.

It follows that the debtor has not satisfied his burden of proof with respect to all seized property except the tools and suffers the consequences of the risk of non-persuasion.

### V

### *Third–Party Claim*

This leaves only the third-party claim asserted by Aber under the judgment enforcement theory permitted by California Code of Civil Procedure § 720.210 according to which a judgment creditor with a claim senior to that of a levying creditor may step in and attempt to obtain control of levied property.

The third-party claim is not viable with respect to the tools the debtor owns because they are exempt tools of the trade. They will be ordered to be turned over by the Sheriff.

As to the property that has been determined here to be property of Tallerico Bicycles, LLC, which is not a debtor in a case under title 11, there presumably is a viable § 720.210 dispute. As resolution of that issue between competing creditors will entail a fact-intensive inquiry that does not involve property of the estate or property of the debtor and is not subject to the bankruptcy automatic stay, the appropriate measure is to defer to the processes and expertise of the state court. To the extent that this court may have jurisdiction over the matter, it abstains pursuant to 28 U.S.C. § 1334(c)(2).

There is now no legal impediment to the ability of Aber to assert a third-party claim with respect to the seized property of Tallerico Bicycles, LLC.

* * *

### Conclusion

The corollary to the burden of proof is the risk of non-persuasion. The debtor had the burden of proof regarding ownership of property he claimed as exempt and did not satisfy that burden except with respect to his tools. The court is not persuaded that the debtor owns any of the seized property other than the debtor's tools. The creditor's objection to claim of exemption will be SUSTAINED as to all of the seized property except the debtor's tools, the judgment lien will be AVOIDED as to the debtor's tools, and the motion for

turnover will be GRANTED only as to the debtor's tools.[25]

An appropriate order is entered.

---

25. The parties remain free to agree that items that the debtor has not proved he owns are nevertheless the debtor's property. Nor are the trustee and other parties in interest precluded from objecting to exemption of any of the property that is turned over. The Rule 4003(b) deadline for objections does not expire until 30 days after the June 8, 2015, conclusion of the meeting of creditors.