FILED

JUN 06 2016

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   CC-15-1231-KiTaL |
| ) | |
| ROBERT KENNETH ZIEGLER, ) | Bk. No.   8:13-bk-20257-CB |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| ROBERT KENNETH ZIEGLER, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v.    ) | **M E M O R A N D U M**[1] |
| ) | |
| THOMAS H. CASEY, Chapter 7 ) | |
| Trustee; UNITED STATES ) | |
| TRUSTEE, ) | |
| ) | |
| Appellees. ) | |
| _____ ) | |

Argued and Submitted on May 19, 2016,
at Pasadena, California

Filed - June 6, 2016

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Catherine E. Bauer, Bankruptcy Judge, Presiding

Appearances:    Richard G. Heston of Heston & Heston argued for
                appellant Robert Kenneth Ziegler; Kathleen J.
                McCarthy and Steve Burnell of Law Office of Thomas
                H. Casey, Inc. argued for appellee Thomas H. Casey,
                Chapter 7 Trustee.

---

[1]  This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, it has no precedential value. See 9th Cir. BAP Rule 8024-1.

Before: KIRSCHER, TAYLOR and LANDIS,[2] Bankruptcy Judges.

Chapter 7[3] debtor Robert Kenneth Ziegler appeals an order sustaining the trustee's objection to Debtor's amended "wildcard" exemption for what were initially exempted homestead sale proceeds which Debtor failed to reinvest in a new homestead within six months as allowed under CAL. CIV. CODE P. ("CCP") § 704.720(b)[4] and Wolfe v. Jacobson (In re Jacobson), 676 F.3d 1193 (9th Cir. 2012). The bankruptcy court failed to make sufficient findings to support its decision to disallow the exemption. Nonetheless, because the prior turnover order adjudicated against Debtor the issue of whether he could exempt a portion of the non-reinvested homestead sale proceeds under the wildcard exemption, we AFFIRM.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**A. Debtor first claims sale proceeds exempt under the homestead exemption.**

Debtor filed his chapter 7 bankruptcy case on December 30, 2013. Thomas H. Casey was appointed as chapter 7 trustee. Debtor's residence, which had significant equity, was days away from foreclosure. Debtor was unemployed at the time and had no

---

[2] Hon. August B. Landis, Bankruptcy Judge for the District of Nevada, sitting by designation.

[3] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

[4] CCP § 704.720(b) provides, in relevant part:

If a homestead is sold under this division . . . the proceeds of sale . . . are exempt in the amount of the homestead exemption provided in Section 704.730. The proceeds are exempt for a period of six months after the time the proceeds are actually received by the judgment debtor[.]

-2-

income. In his Schedule A, Debtor estimated the residence's value at $485,000, subject to secured liens totaling $353,279. Debtor initially claimed a homestead exemption of $100,000, but later filed an amended Schedule C and reduced his exemption in the residence to $75,000. Trustee did not object to Debtor's $75,000 homestead exemption under CCP § 704.730(a)(1).

Trustee sold Debtor's residence for $495,000. Initially, Trustee had requested, and Debtor opposed, that Trustee be allowed to retain the claimed exempt homestead funds for the statutory six months pending evidence from Debtor that he would use the funds to purchase a new homestead. Trustee ultimately conceded after reviewing applicable legal authorities that Debtor was entitled to receive the funds upon the close of escrow.

The order to sell Debtor's residence provided that Trustee had the right to recover the exempt homestead funds in the event Debtor failed to timely reinvest them in a homestead.

Debtor received the homestead funds on June 18, 2014. The deadline to reinvest the funds expired on or about December 18, 2014.

Immediately after the six-month deadline, Trustee requested evidence from Debtor's counsel that the homestead funds were timely reinvested. At a later continued § 341(a) examination, at which Debtor failed to appear, Debtor's counsel could not provide any evidence that Debtor had timely reinvested the funds in a homestead. Thereafter, Trustee emailed Debtor's counsel to determine what date Debtor would be available for a Rule 2004 examination regarding the status of the homestead funds. In his response, Debtor's counsel indicated he was withdrawing from the

-3-

case and that Trustee should contact Debtor directly. In his motion to withdraw, Debtor's counsel stated that despite his repeated advice to Debtor regarding the consequences of not reinvesting the homestead funds in a new homestead, Debtor had failed to reinvest the funds. Counsel had advised Debtor that the funds were no longer exempt and therefore had to be turned over to Trustee.

Trustee then moved for an order authorizing a Rule 2004 examination of Debtor, which was granted. Just before the examination, Debtor provided Trustee with documents showing that the homestead funds were not reinvested in a homestead and that, as of January 30, 2015, Debtor had only approximately $29,000 remaining of the $75,000.

At his Rule 2004 examination, Debtor testified that he was aware of and understood the language in the sale order concerning the homestead funds, including that Trustee would be entitled to recover the $75,000 should Debtor fail to reinvest the funds in a homestead. When asked if he had any intention of purchasing a home within the six months after he received the money, Debtor testified that he hoped he might buy a mobile home or trailer, with his parents' help, but admitted that he never looked for a place to buy during the six-month period.

Debtor admitted, and the record reflects, that he began spending the funds on things other than a homestead the day after he received them, including: $11,500 paid to his father for the repayment of a postpetition loan; $7,000 paid to the new owner of his home for three months rent; $6,000 paid for a new car; $5,580 paid for rent of a friend's home; buying gifts for his daughter;

-4-

and paying for various living expenses. Debtor indicated he would turn over the remaining $29,000 in homestead funds to Trustee if ordered to do so.

Trustee then filed a motion requiring Debtor to turn over the $75,000 in homestead funds, contending the funds had lost their exempt status for Debtor's failure to reinvest them in a homestead and were now property of the estate. On February 20, 2015, the bankruptcy court ordered Debtor to return immediately to Trustee the homestead funds in the full amount of $75,000. The turnover order was not appealed.

On March 2, 2015, Debtor remitted $25,000 to Trustee, leaving the remaining $50,000 due and owing under the turnover order.

**B.  When the sale proceeds are not timely reinvested in a homestead Debtor claims the proceeds exempt under the wildcard exemption.**

Debtor subsequently filed an amended Schedule C, now claiming the homestead funds exempt in the amount of $26,925 under CCP § 703.140(b)(5), the wildcard exemption.

In response, Trustee moved for an order to show cause why Debtor should not be held in contempt for failing to comply with the turnover order and sanctioned for $50,000. Trustee also filed a timely objection to Debtor's amended wildcard exemption for the sale proceeds in the amount of $26,925. Trustee characterized Debtor's now-claimed wildcard exemption as nothing more than a thinly-veiled attempt to decrease his culpability under the pending OSC motion. Trustee contended that during the six-month period in which Debtor was required to reinvest the homestead funds, the bankruptcy estate held a reversionary, contingent interest in them. Thus, argued Trustee, at the exact moment

-5-

Debtor failed to reinvest the funds by voluntarily transferring them to pay for his personal expenses, the homestead funds lost their exempt status and became property of the estate.

Trustee objected to Debtor's wildcard exemption on five grounds: (1) § 522(g) barred Debtor's attempt to exempt property Trustee had recovered for the bankruptcy estate via the turnover order; (2) federal judicial estoppel; (3) federal equitable estoppel; (4) state law judicial estoppel; and (5) state law equitable estoppel. Trustee's objection to the amended wildcard exemption was set for hearing on the same date as his OSC motion.

Debtor conceded that he used the homestead funds to support himself and that he owed Trustee $23,075 [$75,000 - $26,925 (wildcard exemption) - $25,000 (already turned over to Trustee)]. Debtor contended the appropriate remedy was to enter judgment against him for the $23,075. Debtor argued that § 522(g) did not apply because he never "transferred" the homestead funds to a third party, which therefore never triggered Trustee having to "recover" them. Debtor also disputed Trustee's estoppel theories, contending that upon the sale of the residence he was entitled to claim some of the sale proceeds exempt under either the homestead exemption for $75,000 or the wildcard exemption for $26,925. By later amending, argued Debtor, he was merely exercising his right to claim some of the proceeds exempt under the wildcard exemption. Further, his testimony at the Rule 2004 examination established that he intended to reinvest the funds in a new homestead. Debtor further contended that his use of the homestead funds to pay his living expenses did not rise to the level of "bad faith" sufficient to punish him with the denial of any exemption

-6-

whatsoever. He concluded his argument by asserting that, Law v. Siegel, 134 S.Ct. 1188 (2014), precluded such equitable rule-fashioning, and no statutory basis existed for denying him any exemption in this case.

In reply, Trustee argued that Debtor's use of the sale proceeds to pay for personal expenses constituted a "transfer" for purposes of § 522(g) because Debtor voluntarily parted with property. In addition, argued Trustee, California law was clear: homestead exemption funds maintained their exempt status only if the funds are reinvested in a new homestead within six months. Debtor had not provided any legal authority creating an exception to this rule and authorizing him to spend the funds on "personal expenses."

Trustee contended that Debtor's argument against applying any estoppel doctrine was also wrong because Debtor's conduct clearly showed that he never intended to comply with California law; he immediately began spending the homestead funds on other things. Debtor even admitted to spending the money before he received it from Trustee. Finally, Trustee argued that Debtor's reliance on Law was misplaced. This case was not about surcharging an exemption for administrative expenses as in Law, and Law did not eliminate the court's authority to apply state law estoppel doctrines.

**C.  The bankruptcy court's ruling on Trustee's objection to Debtor's amended wildcard exemption**

At the hearing, the bankruptcy court noted that Debtor had acknowledged at a prior hearing that he knew he was not supposed to spend the money. The court then stated that because Debtor did

not reinvest the sale proceeds in a new homestead, as he was required to do under state law, that money should have come back to the estate and been distributed to creditors. By Debtor spending the funds on something other than a homestead, his creditors lost out.

After hearing argument from the parties, the bankruptcy court announced it was sustaining Trustee's objection and disallowing Debtor's wildcard exemption:

> On the objection to the wild -- amended wildcard, I am going to grant that. I think it's inappropriate for us to be talking about the homestead for as long as we have and then for the Debtor to now say I don't want the homestead, I want to take the wildcard instead, there's just no -- I see no authority for that.

Hr'g Tr. (June 30, 2015) 23:14-19.

The bankruptcy court entered an order sustaining Trustee's objection and disallowing Debtor's amended wildcard exemption on July 2, 2015. No additional findings were provided in the order. Debtor timely appealed.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158(b).

## III. ISSUE

Did the bankruptcy court err in sustaining Trustee's objection and disallowing Debtor's amended wildcard exemption for the homestead sale proceeds?

## IV. STANDARDS OF REVIEW

We review questions regarding a debtor's right to claim an exemption de novo, whereas the issue of a debtor's intent is a question of fact reviewed under the clearly erroneous standard.

-8-

Kelley v. Locke (In re Kelley), 300 B.R. 11, 16 (9th Cir. BAP 2003). The bankruptcy court's factual findings, for purposes of determining the validity of a claimed exemption, are reviewed under the clearly erroneous standard. Id. Factual findings are clearly erroneous if they are illogical, implausible or without support in the record. Retz v. Samson (In re Retz), 606 F.3d 1189, 1196 (9th Cir. 2010).

We may affirm on any ground supported by the record, regardless of whether the bankruptcy court relied upon, rejected or even considered that ground. Fresno Motors, LLC v. Mercedes-Benz USA, LLC, 771 F.3d 1119, 1125 (9th Cir. 2014); Arnot v. Endresen (In re Endresen), 548 B.R. 258, 268 (9th Cir. BAP 2016).

## V. DISCUSSION

### A. Rule 4003

Under Rule 4003(b)(1), "a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later." It is undisputed that Trustee's objection to Debtor's amended wildcard exemption was timely filed.

Generally, a claimed exemption is presumptively valid. Diener v. McBeth (In re Diener), 483 B.R. 196, 203 (9th Cir. BAP 2012). If a party in interest timely objects, "the objecting party has the burden of proving that the exemptions are not properly claimed." Id. (quoting Rule 4003(c)). See also Carter v. Anderson (In re Carter), 182 F.3d 1027, 1029 n.3 (9th Cir. 1999). If the objecting party can produce evidence to rebut the

-9-

presumption of validity, then the burden of production shifts to the debtor to provide unequivocal evidence demonstrating the exemption is proper. Id. The burden of persuasion, however, always remains with the objecting party. Id.

Despite this general rule, we recently held in Diaz v. Kosmala (In re Diaz), 547 B.R. 329, 337 (9th Cir. BAP 2016), that Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15 (2000), requires that courts apply the state law burden of proof for state law exemptions. Thus, in cases where state exemption law specifically allocates the burden of proof to the debtor, Rule 4003(c) does not change that allocation. See also In re Jacobsen, 676 F.3d at 1199 (when exemptions are determined by state law, "it is the entire state law applicable on the filing date that is determinative of whether an exemption applies."). California has mandated the use of state exemptions and has placed the burden of proof on the party claiming the objection. In re Diaz, 547 B.R. at 337 (citing CCP §§ 703.580(b) ("the exemption claimant has the burden of proof") and 704.780(a)); In re Tallerico, 532 B.R. 774, 788 (Bankr. E.D. Cal. 2015) (burden of proof proscribed by California statute regarding contested claims of exemption is substantive and must be applied by bankruptcy courts). Thus, the burden was on Debtor to show that his amended wildcard exemption for the sale proceeds was proper.

**B.    The turnover order precluded Debtor from claiming the homestead sale proceeds exempt under wildcard exemption.**

Debtor asserts very interesting policy arguments for why a debtor should be able to exempt proceeds from the sale of his or her home under the wildcard exemption, if for whatever reason the

-10-

debtor is unable to reinvest those proceeds in a new homestead within the six month period required under California law, as opposed to forfeiting those funds entirely. Debtor also offers some interesting arguments for why the Ninth Circuit case of In re Jacobson should be overruled. In Jacobson, the Ninth Circuit held that under California law exempt homestead funds lose their exempt status and the debtor loses the ability to exempt those funds, if they are not reinvested in a new homestead within six months. 676 F.3d at 1199-1200. Jacobson, however, did not discuss whether a debtor could alternatively claim non-reinvested homestead sale proceeds exempt under the wildcard exemption after the six-month period has expired.

Noticeably absent from Debtor's brief is precisely how the bankruptcy court erred in sustaining Trustee's objection to Debtor's amended wildcard exemption, other than his assertion that, in violation of Law, the court read into the Code an inherent "equitable" power to prohibit a debtor from claiming any exemption whatsoever if the debtor has exceeded the six-month reinvestment term for homestead sale proceeds, but yet is unable to return the funds in excess of the wildcard due to having spent the funds for his own support.

With the scant findings and conclusions before us, we cannot determine on what basis the bankruptcy court sustained Trustee's objection and disallowed Debtor's amended wildcard exemption. Despite the bankruptcy court's lack of findings, however, our review of whether Debtor had a right to claim the non-reinvested homestead sale proceeds exempt under the wildcard exemption is de novo. In re Kelley, 300 B.R. at 16. We conclude that the

-11-

turnover order entered on February 20, 2015, precluded Debtor from thereafter claiming any portion of the proceeds exempt.

The turnover order directed Debtor to tender the $75,000 in homestead sale proceeds to Trustee. It was not appealed and is a final order, which has the status of a money judgment under Civil Rule 58. White v. Brown (In re White), 389 B.R. 693, 698-99 (9th Cir. BAP 2008). Clearly, that order determined Debtor could not subsequently claim the non-reinvested homestead sale proceeds exempt under the wildcard (or any other) exemption under state law; it necessarily subsumed a determination that the $75,000 was nonexempt property of the estate. Id. at 699. Thus, Debtor's amended claimed exemption, or, in our opinion, his new claimed exemption, for a portion of the non-reinvested homestead sale proceeds under the wildcard exemption constituted nothing more than an improper collateral attack on the turnover order. Accordingly, we AFFIRM the exemption order on that basis.[5]

## VI. CONCLUSION

For the foregoing reasons, we AFFIRM.

---

[5] We take no position on the merits of Debtor's arguments and save our opinions on this important issue for another day.

-12-